## 41761. ANGLIN v. GREEN.
### (326 SE2d 740)

GREGORY, Justice.

We granted a certificate of probable cause to appeal in this habeas corpus case to review the trial court's ruling that the warrantless search of appellant's burned out barn-residence was constitutionally proper. The court below held that there was no longer any expectation of privacy after the residence burned, and that the search was conducted with regard to the lawful investigation of a fire. We were concerned that the rule of *Michigan v. Tyler*, 436 U. S. 499 (98 SC 1942, 56 LE2d 486) (1978) had been violated. Simply stated that rule provides that official entries into a burned out structure must comply with the warrant procedures of the Fourth Amendment. These requirements are not removed simply because of partial or complete destruction by fire. There are certain carefully defined exceptions to the rule.

We need not reach the question of the application of the rule here because our review of the record reveals admission of the evidence seized in the search was harmless error, if error at all. This evidence was appellant's class ring which was found in the ashes of the residence in the vicinity of the murder victim. At trial the State established it was appellant's ring but there was also testimony he rarely wore it. It is hardly incriminating for a person's ring to be found in the ashes of his burned out residence. " 'A constitutional error is harmless, if there is no "reasonable possibility that the evidence complained of might have contributed to the conviction" [cit.] The test is not "whether there was sufficient evidence on which the petitioner could have been convicted without the evidence complained of," but whether the evidence complained of may have influenced the factfinder's deliberations, [cit.]' " *Vaughn v. State*, 248 Ga. 127, 131 (281 SE2d 594) (1981). In light of the substantial evidence against appellant, see *Anglin v. State*, 244 Ga. 1 (257 SE2d 513) (1979), we hold the introduction of the ring into evidence did not influence the factfinder's deliberations.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 5, 1985.

John Thomas Anglin, Jr., *pro se.*
*Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General, Wilson R. Smith,* for appellee.